GEORGE W. DOUGLASS v. JOHN C. JONES.

Where the defendant, upon the plaintiff entering into a contract with a firm for his employment as a clerk, executed to him an agreement guaranteeing that his salary at certain rates agreed upon should amount to $15 per week; *held*, that the defendant's agreement was not within the statute of frauds, and was valid although the consideration was not expressed therein.

The guarantor being a silent partner in the firm, the modification by another partner, acting for the firm, of the contract of employment with the plaintiff, would not discharge the defendant from his guaranty.

ON the 18th of February, the plaintiff and the firm of A. Palmer and Co. entered into a written agreement whereby the former became their clerk, with specified duties, and at a stated salary.   On the day following, the defendant executed an instrument, wherein he guaranteed to the plaintiff that his salary from A. Palmer and Co. should equal an average of $15 per week throughout the year, and promised to make up to him such sum of $15 per week at the end of each month, provided that in case the plaintiff's salary from the firm, at the close of each year, should prove to have equalled an average of $15 per week, the plaintiff should repay to the defendant such sums as the latter should have received from the former.   The guaranty was sealed, but otherwise expressed no consideration.

The plaintiff brought suit against the defendant upon the guaranty in question, and claimed to recover thereon $100.

At the trial, in the Third District Court, the plaintiff proved by parol that the contract of employment and the guaranty were executed with reference to each other, and that the consideration of the latter was the plaintiff's execution of the former.

It appeared, in the defendant's evidence, that in April the contract between the plaintiff and A. Palmer and Co. was materially changed by a written notice given by the firm to all their clerks, and acquiesced in by them, whereby the duties and positions of the respective employees were modified and defined.   It was shown, in behalf of the plaintiff, that the de-

fendant was in fact a silent partner in the firm, although the new arrangements with the clerks were effected by the two active partners.

The defendant's counsel insisted that the guaranty was "a special promise to answer for the debt, default, or miscarriage of another person," within the meaning of the statute of frauds (2 R. S. part ii. chap. vii. title ii. p. 317, marg. p. 135, § 2, sub. 2); and that although the seal might import a consideration, the instrument was void as not "expressing the consideration."

It was also urged by the defendant's counsel that the guaranty, if in force, was invalidated by the alteration of the contract of employment.

The court below gave judgment for the plaintiff. The defendant appealed.

*Charles W. Prentiss,* for the defendant.

*William R. Stafford,* for the plaintiff.

BY THE COURT. DALY, J.—The guaranty is not within the statute. It is not a promise to answer for the debt, default, or miscarriage of another person, but an independent undertaking on the part of the defendant, guaranteeing that if the plaintiff's salary at the terms agreed upon shall not amount to the rate of fifteen dollars per week, the defendant will, at the expiration of each month, make it up to that amount, the plaintiff paying back to him the surplus if at the end of the year the salary should be found upon an average to amount to fifteen dollars per week, and the consideration for it, the entering into the agreement by the plaintiff, sufficiently appears in the evidence.

Hatch testified, upon the trial, that Jones was a silent partner of the firm, the notice, therefore, modifying the terms of the agreement, was his act, the act of one partner in a matter relating to the partnership being the act of the whole. The judgment must be affirmed.

Judgment affirmed.